**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL RYAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 23-03170-CV-S-DPR |
| | ) | |
| LIBERTY MUTUAL INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Count III. (Doc. 6.) Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves for an order dismissing Count III of the Petition for failing to state a claim for relief. Plaintiffs filed a Response and Defendant filed Reply Suggestions. (Docs. 8, 9.) Upon review, the Motion to Dismiss Count III will be GRANTED.

In Count I of the Petition, Plaintiffs raise insurance policy claims against Defendant, alleging that Defendant breached a contract of underinsured motorist coverage by failing to pay Plaintiffs for damages they sustained in a motor vehicle collision. (Doc. 1-1.) In Count II, Plaintiffs allege Defendant vexatiously refused to pay their claims, entitling them to damages under R.S.Mo. § 375.420. *Id*. Count III of the Petition asserts the tort of "bad faith" against Defendant, alleging Defendant's refusal to accept Plaintiffs' settlement offer or negotiate in good faith constitutes bad faith. *Id*.

Defendants move for a dismissal with prejudice of Count III on the basis that "Missouri does not recognize a tort claim for 'bad faith' arising out of a failure or refusal to pay in the context of a first-party insurance claim." (Doc. 6 at 1-2.) Plaintiffs respond that the vexatious refusal to pay statute "does not preclude or preempt any common law claim for tort damages." (Doc. 8 at 8.) Plaintiffs further argue that their bad faith claim is premised on Defendant "breaching its fiduciary duties to Plaintiffs, … not due to the fact that Defendant has simply breached its contract." *Id*. at 3.

Upon review, the Court does not agree with Plaintiffs' argument. Under Missouri law, where a claim is made by an insured against an insurance company for a policy benefit, then the insured's remedy is limited to that provided by the law of contract, plus, if the vexatious refusal to pay statute, R.S.Mo. § 375.420, applies, the enhancements provided by the statute. *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62, 68 (Mo. banc 2000). It is true that in the context of third-party claims, "an insurer's right to control settlement and litigation under a policy of liability insurance creates a fiduciary relationship between insurer and insured." *Duncan v. Andrew Cty. Mutual Ins. Co.*, 665 S.W.2d 13, 18 (Mo. App. W.D. 1983). However, "in first party claims by insureds against insurers affording coverage for loss or damage to property or related types of insurance, the parties occupy a contractually adversary[ial] … status as opposed to standing in a fiduciary relationship." *Id*. at 19.

Here, Plaintiffs allege that Defendant breached the contract between the parties by refusing to pay under the insurance policy, which is a first party claim. Accordingly, under these circumstances, the parties' relationship is adversarial, not fiduciary, and as a matter of law Defendant does not owe a fiduciary duty to Plaintiffs. As stated in *Overcast*, "an insurance company's *denial of coverage itself* is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Overcast*, 11 S.W.3d at 69 (emphasis added).

Based on the foregoing, the Motion to Dismiss Count III is **GRANTED**, and Count III of the Petition is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 10, 2023